In the Matter of LOUIS JAFFE, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant, et al., Intervener-Defendant.— In a proceeding pursuant to article 78 of the Civil Practice Act, the State Rent Administrator appeals from an order dated June 8, 1954, granting respondent's petition to annul the determination of said administrator and directing the issuance of a certificate of eviction pursuant to section 57 of the State Rent and Eviction Regulations. Subsequent to the date of the notice of appeal, an order dated July 12, 1954, was made on reargument adhering to the original decision, from which order no appeal has been taken. Order dated June 8, 1954, reversed, without costs, and order dated July 12, 1954, insofar as it adheres to the original decision, reversed, without costs, and the matter remitted to appellant to receive further proof and to determine the questions of good faith and adequacy of the accommodations offered the tenant. The implied finding by Special Term that the porch is a livable room is affirmed. Although no appeal has been taken from the order on reargument, the order has been reviewed on the appeal from the original order. (Civ. Prac. Act, § 562-a.) We are in accord with the assertion of the administrator that his interpretations of the regulations promulgated by him should bear great weight in the judicial construction of them. However, the administrator could not disregard the definitions made by the legislative bodies of what constitutes a livable room (Administrative Code of City of New York, § C26–91.0), or the measurements prescribed for a livable room (§ C26–261.0, subd. b). The original plan of this apartment taken with the concession as to the presence of furniture, including a studio couch, and the failure of the tenant to deny the use thereof for sleeping, required a finding that the porch was a "livable room". The conclusion of the administrator to the contrary was arbitrary. In a prior pro-

ceeding, wherein was involved a porch similarly situated, but of considerably less area, the administrator considered a porch to be a room. (*Matter of Rosin* v. *McGoldrick*, 279 App. Div. 1080.) There the porch was heated as is this porch. It was seven feet by nine feet. The one now considered is six feet ten inches by eighteen feet six inches. The door between the porch and living room in the instant proceeding is similar to those between the living room and the dining room. The porch has no roof separate from the remainder of the house, and the wall between living room and porch is a nonbearing wall. No case relied upon by the administrator is applicable in this situation. (Cf. *Soubasis* v. *Finkelstein*, 82 N. Y. S. 2d 465.) Nevertheless, notwithstanding that the porch here should be counted in arriving at the number of rooms in the apartment, Special Term could not direct the issuance of a certificate of eviction by the administrator until the tenant failed to comply with an order subdividing the apartment. The administrator has not yet determined whether the landlord in good faith seeks to alter the apartment or what provision must be made for the tenant by reason of the alteration, if in good faith it is sought. Nolan, P. J., Wenzel, MacCrate, Schmidt and Murphy, JJ., concur.