Saul S. Streit, J.
This is a motion for summary judgment dismissing the complaint. The theory of the action is that defendants employed plaintiff, a broker in the employ of the prospective purchaser, to obtain an acceptance of an offer by defendants to sell stock in a corporation, and that defendants thereafter refused to consummate the transaction, although plaintiff procured a purchaser, ready, able, and willing to buy the stock on defendants’ terms, within the period fixed in defendants’ offer. Plaintiff sues for the commission it alleges it would have received from the prospective purchaser but for defendants’ refusal, above referred to.
Assuming, as plaintiff claims, that the condition imposed by defendants, at the time of their alleged offer, that the purchaser be “ready to close the transaction by the close of business Thursday June 23d” contemplated only a written acceptance by the purchaser and did not require an actual transfer of the stock and payment of the price by the close of business on *798 June 23, the so-called “ acceptance ” delivered by the prospective purchaser was, nevertheless, in fact and in law, no acceptance at all but, rather, a counteroffer on new terms. It imposed various conditions, qualifications and terms not contained in defendants’ alleged offer. Plaintiff urges that the new provisions contained in the “ acceptance ” were “ most reasonable ”. Even if this be so, it would be wholly immaterial. Defendants had the right to prescribe the terms upon which they were willing to sell, and they were under no obligation to accept the offeree’s qualifications and changes, however reasonable they might be. They had the right to refuse to accept the offeree’s modifications of their alleged offer. In the circumstances, it is clear that defendants incurred no liability to plaintiff for the commissions he would have earned had their alleged offer been accepted, unconditionally and without qualification, by the close of business on June 23.
Furthermore, the plaintiff’s papers fail to contain evidentiary facts sufficient to support, even prima facie, the allegation that the prospective purchaser was financially able to consummate the transaction. The vague, indefinite 'and conclusory claimsi contained in the answering affidavits, to the effect that the purchaser would have been able to pay the purchase price, do not satisfy the requirements of rule 113 of the Buies of Civil Practice.
In view of the conclusions reached, it is unnecessary to determine whether a triable issue is presented as to whether defendants did employ plaintiff to obtain an acceptance of their alleged offer. Were it necessary, however, to decide this question, the court would not hesitate to hold that the undisputed evidence establishes that defendants at no time employed plaintiff to obtain an acceptance of an offer on their part. They merely indicated to plaintiff, who had initiated the transaction on behalf of an undisclosed prospective purchaser, that if the latter made an offer on certain specified terms and by a specified time, they would accept such an offer. There was no request by them, express or implied, that plaintiff attempt to procure such an offer.
It is also unnecessary, since the motion to dismiss the complaint must be granted in any event, to consider the defense of the Statute of Frauds, upon which defendants also rely.
Motion granted.