OPINION OF THE COURT
Gerard E. Delaney, J.
This is a motion to dismiss the complaint under CPLR 3211 *1113 (subd [a], par 7) on the grounds that it fails to state a cause of action. The "cause” of action which plaintiff alleges sounds in the nature of a suit for broker’s commission upon a real estate transaction. What plaintiff actually proposes is the legal equivalent of "The Godfather Clause”, i.e., defendant is liable for failing to accept an offer he could not refuse.
To put such a proposition in true focus, it is appropriate to examine the alleged basis of such a claim. On February 22, 1978, defendant Gene Graff signed a written agreement for the "exclusive right to sell” his home in Cortlandt, New York, with plaintiff’s agent. Under the terms of such agreement:
"The owner agrees to grant the agent the exclusive right to sell this property under the following terms and conditions: [inter alia],
"2. The property will be offered at a list price of $79,900.00.
"3. The agent shall be entitled to a commission of 7 percent of the selling price.”
Thus, if plaintiff had sold defendants’ house for the agreed upon price, he would have been entitled to a commission of $5,593, leaving defendants a net sale price of $74,307. Plaintiff in his complaint, admits that he could not find buyers at the agreed upon price; however, he did find a prospective purchaser who made an offer of $77,000 for defendants’ premises. This is the purchaser whom plaintiff describes in paragraph "Fourteenth” of his complaint as "ready willing and able to perform the terms and conditions of [the] agreement.”
Plaintiff communicated the $77,000 offer to defendants, and at the same time told defendants that he would lower his commission so as to still net the defendants the same amount as the agreed upon selling price rate, i.e., $74,307. If defendants had accepted the $77,000 offer, plaintiff’s 7% commission would have been $5,390, leaving defendants a potential net of $71,610. Thus by offering to reduce his commission to keep defendants’ net at the higher level of $74,307, plaintiff was willing to take a $2,697 cut in his commission simply to close the sale and obtain a true commission of $2,693 on the $77,000 offer.
Plaintiff states nowhere in this complaint that defendants accepted the offer of $77,000; indeed, paragraphs 11 through 13 of the complaint implicitly show that such offer was refused by defendants, who then took "the property off the market”. Plaintiff admits in his memorandum of law that *1114 "there is no question that the defendants did not accept the offer as made.”
Plaintiff’s basic argument can be summarized as follows: under the terms of the listing, defendants agreed to accept a net figure of $74,307; therefore, since they will not be harmed in any way, it should not matter to them what the gross price of the house is as long as they get their net, which they anticipated. Therefore, as they will get the same amount they would have received, they have no legal right to refuse this offer without a commission becoming due.
To accept plaintiff’s position would be to completely disregard the law of contracts and the public policy of the State of New York.
Nowhere has plaintiff alleged or shown that he succeeded in bringing the buyer and seller together on a mutually acceptable price, terms or conditions of sale. "Until he did so, no commissions had been earned.” (Bereswill v Yablon, 6 NY2d 301, 306; Sibbald v Bethlehem Iron Co., 83 NY 378; Saum v Capital Realty Dev. Corp., 268 NY 335.) "[T]he duty assumed by the broker is to bring the minds of the buyer and seller to an agreement for a sale” (Harper v Shmulevitz, 12 Misc 2d 568, 571, and cases cited therein).
Defendants’ original condition was a selling price of $79,900 at a 7% commission. Plaintiff communicated the terms of the offer to the potential buyer who counteroffered with a figure of $77,000. Defendants never accepted the counteroffer. An essential element of a contract is an agreement, a mutual manifestation of assent to the same terms (Calamari and Perillo, Contracts [2d ed], § 2-1; cf. Simpson, Contracts, § 9; Restatement, Contracts, § 22). It cannot be said from plaintiff’s own allegations that defendants accepted either the prospective buyers’ offer of $77,000 or plaintiff’s contingent offer to reduce his own commission. Under the terms of the listing, plaintiff had simply failed to bring together buyer and seller.
Plaintiff seeks to do indirectly that which he legally may not do directly. Under 19 NYCRR 175.19, real estate brokers are precluded from making net listing agreements as a matter of State policy:
"175.19 Net listing agreements, (a) The term net listing as used herein shall mean an agency or other agreement whereby a prospective seller of real property or an interest therein, lists such property or interest for sale with a licensed *1115 real estate broker authorizing the sale thereof at a specified net amount to be paid to the seller and authorizing the broker to retain as commission, compensation, or otherwise, the difference between the price at which the property or interest is sold and the specified net amount to be received by the seller.
"(b) No real estate broker shall make or enter into a 'net listing’ contract for the sale of real property or any interest therein.”
Indeed, such "net listings” have themselves been held sufficient to nonsuit a broker plaintiff. (Express Realty Co. v Zinn, 39 Misc 2d 733.)
While this court need not speculate on the reasoning defendants may have had for rejecting the counteroffers to his listing price of $79,900, it is not true that defendants’ financial position would have been unchanged by accepting the counteroffer(s). True, the net profit would have been the same to defendants under the offer, but the higher commission might have worked to defendants’ benefit in determining the tax capital gains on the premises he was selling. (See, generally, 4A Mertens Federal Income Taxation, § 25.26; Internal Revenue Code [US Code, tit 26, § 1001 et seq.].)
Therefore, it is the holding of this court that plaintiff has failed to state a cause of action and this matter is dismissed with prejudice under CPLR 3211 (subd [a], par 7).