OPINION OF THE COURT
Memorandum.
Order of the court below (98 Misc 2d 1112) affirmed, without costs.
Plaintiff, a licensed real estate broker, commenced an action to recover commissions allegedly due and owing to plaintiff by defendants. Plaintiff’s complaint stated that the terms of the written brokerage agreement entered into by the parties gave plaintiff a three-month exclusive right to sell defendants’ premises at a list price of $79,900 for which plaintiff was to receive a 7% commission. According to the complaint, plaintiff obtained a purchaser who agreed to pay $77,000 for the premises. Plaintiff thereupon orally offered to accept a lower commission in order that the defendants receive the same net amount they would have obtained had the premises been sold pursuant to the terms stipulated in the written brokerage agreement (i.e., $74,307). Defendants rejected said proposal and plaintiff commenced the instant action to recover $2,693, which amount represented the reduced commission to which plaintiff claimed he was entitled (i.e., the difference between the $77,000 purchase offer and $74,307, the net amount defendants would have received pursuant to the express terms of the written brokerage agreement).
Defendants thereupon made a motion to dismiss the complaint for failure to state a cause of action. The court below granted said motion.
The plaintiff’s proposal was a mere counteroffer which defendants were free to reject without incurring liability therefor. "Where a broker instead of procuring a person who is ready, able, and willing to accept the terms his principal authorized him to offer at the time of his employment, procures one who makes a counter offer more or less at variance with that of his employer, the latter is at liberty either to accept the proposed party upon the altered terms or to decline to do so. If he accepts he is legally obligated to compensate the broker for the services rendered * * * but if he refuses he incurs no liability therefor” (6 NY Jur, Brokers, § 111; see, also, 12 Am Jur 2d, Brokers, § 185; House v Hornburg, 267 App Div 557, *905 affd 294 NY 750; Wiesenberger v Mayers, 281 App Div 171, 176-177; Amott, Baker & Co. v Bing, 13 Misc 2d 797, 798, affd 3 AD2d 706; McNamara v Viscio, 10 Misc 2d 854; O’Connor v Pero, 149 NYS2d 91). What the broker seeks to do herein is to bind the defendants upon his mere offer to orally modify a contract despite rejection of said offer by the defendants. Such a contention if accepted, would run counter to the weight of authority (see cases cited in Ann. 18 ALR2d 376) as well as traditional notions of basic contract law because the broker would become the master of his principal’s offer.
Having failed to procure a ready, willing and able purchaser at the price and terms of the sellers, the broker is not entitled to a commission (see Lane-The Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36).
Given our determination herein, it is unnecessary for this court to consider the effect, if any, of the provisions contained in 19 NYCRR 175.19 (see Bishop Estates v Murphy, 41 Misc 2d 719; cf. Express Realty Co. v Zinn, 39 Misc 2d 733).
Concur: Pittoni, P. J., Slifkin and O’Gorman, JJ.