■ PRIME FUNDING, INC., Appellant, v ALEX DEMETRIADES, Respondent.—In an action to recover a brokerage commission, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Luciano, J.), dated July 24, 1985, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The defendant engaged the plaintiff to obtain a $300,000 mortgage with a 20-year duration. For the first five years interest was to be at 14½% and for the balance of 15 years the interest was to be at 1½% above the lending bank's prime interest rate. Instead, the plaintiff obtained a $300,000 mortgage with a 15-year duration. For the first five years interest was to be at 13½% and for the balance of 10 years the interest was to be at 1½% above the bank's prime interest rate. The defendant refused to accept the terms of the mortgage obtained by the plaintiff. The plaintiff argued that there was a substantial compliance with the agreement and that it was entitled to payment of its commission.

The defendant had the right to prescribe the terms upon which he would be willing to accept the mortgage. The plaintiff presented a counteroffer at variance with that sought by the defendant. Under such conditions, the defendant was at liberty to either accept the proposed counteroffer upon its altered terms or to decline to do so, without giving the broker any reason for his refusal (6 NY Jur, Brokers, § 111; 12 Am Jur 2d, Brokers, § 185; *accord* 12 CJS, Brokers, § 156; *Amott, Baker & Co. v Bing,* 13 Misc 2d 797, 798; *Poritzky v Graff,* 103 Misc 2d 903, 904-905).

The plaintiff's president stated that the defendant, when informed of the new commitment, expressed satisfaction; other than this, there was no other extrinsic evidence upon which to rely in support of the plaintiff's claim. Thus, there is no indication that the terms of the written agreement were modified, and the intent of the parties must be determined from that written agreement *(see, Sutton v East Riv. Sav. Bank,* 83 AD2d 801). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.