OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and judgment directed to be entered in favor of plaintiff in the principal sum of $10,912.
*10 Plaintiff, a licensed mortgage broker, commenced this action to recover his unpaid broker’s commission. At the nonjury trial, it was shown that defendants had contacted plaintiff to procure a mortgage for them, apparently in the sum of $682,000, and, in July 2006, had signed a pre-application disclosure and fee agreement wherein they had agreed to pay plaintiff two percent of the loan amount as a commission upon their signed acceptance of a commitment, “whether or not the loan closes.” Plaintiff applied, on behalf of defendants, for a $545,600 first mortgage and a $136,400 second mortgage. A formal commitment letter was issued by the lender only with respect to the first mortgage; the letter did not mention the second mortgage. Defendants accepted the commitment for the first mortgage, and signed the commitment letter on August 1, 2006. In September 2006, using a mortgage obtained by a different broker, defendants purchased the house. Following the trial, the District Court dismissed the complaint, finding that defendants did not breach their agreement with plaintiff since a $682,000 commitment was not procured.
While defendants had the choice to reject the commitment offered (see e.g. Prime Funding v Demetriades, 126 AD2d 533 [1987]), plaintiff earned his commission once defendants accepted the commitment for the lesser amount (see Midland Mtge. Corp. v Kazarnovsky, 128 AD2d 595 [1987]; see also Lester Morse Co. v 3 Hanover Sq. Owners Corp., 156 AD2d 229, 230 [1989]; Caramoor Capital Group v Moss, 2003 NY Slip Op 50960[U] [App Term, 1st Dept 2003]). Consequently, defendants were obligated to pay two percent of the $545,600 mortgage commitment procured by plaintiff, as agreed to by defendants. Accordingly, the judgment is reversed and judgment is awarded in favor of plaintiff in the principal sum of $10,912.
Molía, J.P, Scheinkman and LaCava, JJ., concur.