United Mortgages of America, Inc., Appellant,
against
Manish G. Bangard and Trusha Bangard, Respondents.



Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan C. Lancman, J.), entered April 22, 2015. The order denied the branch of plaintiff's motion seeking summary judgment.




ORDERED that the order is reversed, without costs, and the branch of plaintiff's motion seeking summary judgment is granted.
In this action by plaintiff, a licensed mortgage broker, to recover an unpaid broker's fee of $15,000, the record shows that defendants had entered into a contract to purchase certain premises and had asked plaintiff to procure a mortgage for them from a lending institution. A brokerage fee agreement was entered into between plaintiff and defendants, which provided, among other things, "If you [defendants] accept the lender's commitment and fail to close your loan, you hereby agree to pay us [plaintiff] a mortgage brokerage fee in the amount of 2.5 point(s)," which in this case amounted to $15,000. Defendants subsequently accepted a commitment issued by New Penn Financial, but they failed to close on the loan. 
Plaintiff moved for summary judgment or, in the alternative, to dismiss defendants' defenses pursuant to CPLR 3211 (b). The Civil Court denied the branch of plaintiff's motion seeking summary judgment and did not address the branch of plaintiff's motion seeking to dismiss defendants' defenses.
Defendants concede in their opposition papers that they accepted the lender's commitment and that they did not close on the loan. Although the brokerage fee agreement contains some ambiguity with respect to who is obligated to pay plaintiff a brokerage fee in the event the loan to defendants closes, any such ambiguity is not relevant to the determination of plaintiff's motion since defendants never accepted proceeds from the loan. There is, however, no ambiguity in the contract with respect to defendants' obligation to pay plaintiff its brokerage fee once defendants accepted the lender's commitment and failed to close on the loan, which is what occurred herein (see Lelin v Shrestha, 24 Misc 3d 9 [App Term, 2d Dept, 9th & 10th Jud Dists [2009], affd 80 AD3d 573 [2011]). Consequently, the branch of plaintiff's motion seeking summary judgment should have been granted.
Accordingly, the order is reversed and the branch of plaintiff's motion seeking summary judgment is granted.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: July 28, 2016