In the Matter of the Application of LOUIS C. DAVIS, Respondent, for a Peremptory Mandamus Order against PLINY T. SEXTON and Others, the Regents of the University of the State of New York, Appellants.

Third Department, January 7, 1925.

Mandamus — peremptory mandamus to compel Regents of University of State of New York to grant petitioner's application for certificate to practice as certified public accountant — Regents have power under General Business Law, §§ 80 and 81, and Education Law, §§ 46, 47 and 51, to issue certificate to those possessing qualifications required by Regents — Regents' rule No. 426a requires, in addition to written examination, two years' service in employ of certified public accountant — Regents interpreted rule to mean actual employment by certified public accountant — petitioner worked with certified public accountant for two years but not for certified public accountant — peremptory mandamus order should have been denied.

The application of the petitioner for a peremptory mandamus order to compel the Board of Regents of the University of the State of New York to issue to him a certificate authorizing him to practice as a certified public accountant should have been denied, since it appears that the Regents have the power under sections 80 and 81 of the General Business Law and sections 46, 47 and

51 of the Education Law to authorize persons to practice as certified public accountants who comply with the requirements of the Board of Regents; that rule No. 426a of the Board of Regents provides that a candidate must not only pass a written examination but must also have had two years' experience in the employ of a certified public accountant before a certificate will be issued; that the Board of Regents have construed that rule to mean that the applicant must have been actually employed by a certified public accountant for two years; that the petitioner successfully passed his written examination but, while he had worked with two certified public accountants, as a coemployee, for two years, he had not actually been employed by a certified public accountant for the required length of time.

APPEAL by Pliny T. Sexton and others from a peremptory mandamus order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 8th day of August, 1924, directing the appellants to issue to the petitioner a certificate to practice as a certified public accountant.

*Frank B. Gilbert* [*Irwin Esmond* and *Raymond F. Allen* of counsel,] for the appellants.

*Daniel H. Prior,* for the respondent.

HINMAN, J.:

The Regents of the University are given express and exclusive power to prescribe the professional qualifications to practice as a public expert accountant under the title of " certified public accountant." Persons may practice as public expert accountants but without a certificate of the Regents they cannot assume the title of " certified public accountant." (Gen. Business Law, § 80, as amd. by Laws of 1913, chap. 443.) The Regents are required to make rules for the examination of applicants for such certificates. (Gen. Business Law, § 81.) Broad powers to supervise the certification of public accountants and members of other professions, with legislative power to make rules relating thereto, have been conferred upon the Regents. (Education Law, §§ 51, 46, as amd. by Laws of 1917, chap. 357.) The Regents " may award and confer suitable certificates, diplomas and degrees on persons who satisfactorily meet the requirements prescribed." (Education Law, § 47.) The statute does not attempt to limit or define the professional standards which the Regents shall follow. Under the statutes, that power was vested in the Regents exclusively who alone are required to make rules and to issue certificates to " persons who satisfactorily meet the requirements prescribed." (*People* v. *Nat. Assn. of Certified Public Accountants,* 204 App. Div. 288.)

The Regents have enacted rules as to the professional experience required of candidates for certification by the Regents as " certified

public accountants." Regents' rule No. 426a provides in part as follows: "A candidate must also present satisfactory evidence of five years' experience in the practice of accountancy, at least three of which must have been completed prior to his admission to the written certified public accountant examination, *and at least two of the five years' experience shall have been in the employ of a certified public accountant in active practice in no less grade than that of a junior accountant or its equivalent.*"

It is conceded that the respondent Davis has passed his written examination and otherwise is eligible, except that the Regents claim he has not met the requirement of that portion of Regents' rule 426a which requires two years' experience " in the employ of a certified public accountant." The interpretation of this provision of their own rule by the Regents themselves is that the relation of employer and employee must exist between the certified public accountant and the candidate who is serving in his office. This provision of the rule has been in operation many years and this has been the interpretation that has uniformly been applied and followed by the Regents. The petitioner admits that he has not complied with the rule as so interpreted by the Regents. His affidavits show that he was not employed by a certified public accountant but that he worked under the supervision of two certified public accountants who were fellow-employees with him in the office of a firm of auditors none of whom were certified public accountants. The contention of petitioner is that the certified public accountants under whose supervision he worked did actually " employ " him in the sense that they assigned him his work and supervised it. No such interpretation, however, has ever been given to the word " employ " by the Regents. They have uniformly ruled otherwise, as appears in the affidavits submitted by them. The right to the peremptory order of mandamus must be determined upon the assumption that the averments in the opposing affidavits are true. (*Matter of Barresi* v. *Biggs,* 203 App. Div. 2, 8.) The Regents have the right to make and interpret their own rules. The court cannot, in construing the Regents' rules, in effect, prescribe a different rule from that duly enacted by the Regents. If the conduct of the Regents in the application of this rule to the petitioner's case has not been arbitrary and capricious, surely the court cannot command the issuance of a certificate. The power to fix the professional requirements has been granted to the Regents by the Legislature. The rule has been uniformly applied. The rule itself as interpreted by the Regents is not arbitrary and capricious. It has a basis in reason. The reason assigned by the Regents is that the integrity and high standard of the group of public account-

ants who are to be certified by the Regents as worthy of this honorable rank in their profession, justifies the test of a substantial period of experience as an employee of one who has been certified and who will feel a personal and professional responsibility as the employer of such candidate. A coemployee has no such direct responsibility for the character and quality of the candidate's work and has no power to select him or discharge him. Proper supervision and training of the candidate are more likely to be secured if the employer is a certified accountant for the reason that " he is responsible professionally as well as personally for the acts of the candidate and is bound to exercise a much greater degree of supervision than would be exercised by any mere employee. His own self-interest demands it." These are the reasons for the rule assigned by the Regents in their opposing affidavits. We accept them as true and reasonable. The petitioner has not complied with the rule which has been uniformly observed by the Regents. No discrimination in fact exists. For the court to interfere would be to assume to exercise a discretion and to administer a power which have been expressly conferred upon the Regents. Mandamus will not lie in such a case. (*Matter of Barresi* v. *Biggs, supra.*)

The order should be reversed and the proceeding dismissed, with ten dollars costs and disbursements.

All concur.

Order reversed on the law and proceeding dismissed, with ten dollars costs and disbursements.