department, entered April 9, 1925, which unanimously affirmed an order of Special Term electing on behalf of Mabel L. Brown, an incompetent person, to take her interest under the provisions made for her in the last will and testament of her late husband, Herbert W. Brown, deceased, and to renounce her dower interest in any and all real property which was of the late Herbert W. Brown, or in which he had an interest, as of the date of his death.

*Raymond E. Aldrich* and *George Wright Hinckley* for appellants.

*Herbert Barry, Henry W. Proffitt* and *John R. Schwartz* for respondent.

Order affirmed, without costs, on opinion of YOUNG, J., below.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

In the Matter of the Application of the COUNTY OF ULSTER, Appellant, against the STATE DEPARTMENT OF PUBLIC WORKS et al., Respondents.

*Highways — designation of highways for improvement — mandamus to compel Department of Highways to approve action of board of supervisors denied.*

*Matter of County of Ulster v. State Dept. of Public Works,* 211 App. Div. 629, affirmed.

(Argued May 5, 1925; decided May 15, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 17, 1925, which reversed an order of Special Term granting a motion for a peremptory order of mandamus to compel the Department of Public Works, the Bureau of Highways of the Department of Public Works, Frederick Stuart Greene, the Superintendent of the Department of Public Works, and Arthur W. Brandt, the Commissioner of Highways, to approve of the action taken by the board of supervisors of Ulster county on the 28th day of April, 1924, designating for improvement

and construction certain highways within the county of Ulster under the provisions of section 320-a of the Highway Law, and to approve of the determination agreement executed by the chairman and clerk of the board of supervisors of Ulster county, pursuant to the direction of the board of supervisors, by resolution adopted April 29, 1924, and to indicate the approval of the Commissioner of Highways upon such agreement.

*John W. Eckert* for appellant.

*Albert Ottinger, Attorney-General (John H. Machan* and *Charles E. McManus* of counsel), for respondents.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Absent: POUND, J.

---

WHITE, GRATWICK & MITCHELL, INC., Respondent, *v.* EMPIRE ENGINEERING COMPANY, INC., Appellant.

*Riparian rights — owner of river front property and of lands under water in front thereof properly restrained from constructing piers which would interfere with access to property of another riparian owner.*

*White, Gratwick & Mitchell, Inc.,* v. *Empire Engineering Co., Inc.,* 211 App. Div. 834, affirmed.

(Argued May 5, 1925; decided May 15, 1925.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 8, 1924, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee. The judgment restrained and enjoined the defendant from obstructing, filling in and constructing piers upon lands under water between the shore and the United States harbor line in Niagara river in front of defendant's property. The question was whether the defendant as the abutting and adjacent owner of the property fronting on the Niagara river and of the lands under water in front of its premises may by the construction of piers over such lands extending into the river, impair the means of access to the plaintiff's