In the Matter of the Application of DR. BLOOM DENTIST, INC., Appellant, for a Peremptory Mandamus Order against MICHAEL J. CRUISE, as Clerk of the City of New York, Respondent.

First Department, January 15, 1932.

*David Goldstein* of counsel [*Thomas G. Frost* with him on the brief; *Goldstein & Goldstein,* attorneys], for the appellant.

*Henry J. Shields* of counsel [*Benjamin Millstein* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

SHERMAN, J. Petitioner, being desirous of erecting an electric sign upon premises leased by it in the borough of Manhattan, made application to the superintendent of buildings and received his formal approval; thereafter, its like application to the commissioner of water supply, gas and electricity was also approved.

Armed with these sanctions, petitioner applied to the city clerk of the city of New York for a permit to erect the sign, as provided in section 215 of article 16 of chapter 23 of the Code of Ordinances of the City of New York, viz.: " Section 215, subdivision 2. Issue of permits. All permits for illuminated signs shall be issued by the city clerk, upon application therefor, approved by the commissioner of water supply, gas and electricity and the superintendent of buildings in the case of electric signs, * * *."

The issuance of this certificate has been refused upon the ground that the Board of Regents of the State of New York has adopted a regulation relating to dentists and declaring " unprofessional and objectionable," " advertising by means of large display, glaring, illuminated or flickering light signs."

Applicant's petition for an order of peremptory mandamus followed and was denied at Special Term. Hence this appeal.

Respondent, under the ordinance, was given no discretion to reverse the approval of the erection of the sign theretofore given by the heads of the city departments which had power to examine and grant or reject the application. Upon them rested the full responsibility. Respondent's duty was purely ministerial. His certificate would merely attest and be proof of their action.

Perhaps the proposed sign is in contravention of the rule adopted by the Board of Regents under paragraph 4 of subdivision B of section 1313 of the Education Law. If so, a permit issued by respondent would constitute no defense to a proceeding or prosecution initiated by that body or other competent public authority, under the statute.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MERRELL and McAVOY, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). Dr. Bloom Dentist, Inc., was incorporated in 1906 under the Stock and General Corporations Laws for the purpose of practicing dentistry. To advertise the business of the corporation the petitioner decided to display two electric light signs outside the premises rented by it at the northwest corner of Forty-second street and Third avenue, borough of Manhattan, city of New York, and filed applications for permission to do so. The applications were approved by the superintendent of buildings and the commissioner of water supply, gas and electricity of the city of New York. One of the proposed signs was to be six feet two inches by six feet two inches and the other was to be seven feet by seven feet.

The petitioner's application made to the defendant Michael J. Cruise, as clerk of the city of New York, for a permit to erect

said sign was refused. Upon such refusal the petitioner then applied to the court for an order to compel the defendant to issue the permit and it was again refused.

The appellant contends that its application having been approved by the superintendent of buildings and the commissioner of water supply, gas and electricity, the city clerk, under subdivision 2 of section 215 of article 16 of chapter 23 of the Code of Ordinances of the City of New York is required to issue the permit. That subdivision provides as follows: " 2. Issue of permits. All permits for illuminated signs shall be issued by the city clerk, upon application therefor, approved by the commissioner of water supply, gas and electricity and the superintendent of buildings in the case of electric signs,   *   *   *."

The appellant says that the word " shall," as employed in the above ordinance, is clearly mandatory and not directory; that the duties of the respondent are purely ministerial and that he has no discretion in the matter but must issue the permit.

The respondent contends that the approval of the application of the petitioner by the superintendent of buildings and the commissioner of water supply, gas and electricity relates only to the mechanical construction of such signs, their dimensions and safety and the means of attachment to the building in order to protect the traveling public; that these two departments have nothing whatever to do with the propriety of the signs or the advertising matter set forth thereon. The respondent says that the refusal to grant the permit was not arbitrary but made in the exercise of sound discretion.

In the case of *People ex rel. Schwab* v. *Grant* (126 N. Y. 473) the court said: " In the government of the affairs of a great municipality many powers must necessarily be confided to the discretion of its administrative officers, and it can be productive only of mischief in the treatment of such questions to substitute the discretion of strangers to the power in place of that of the officers best acquainted with the necessities of the case and to whom the Legislature has specially confided their exercise.

" Whether any remedy is afforded by the law for an abuse of such discretion it is not now necessary to inquire, as that question cannot be presented on an application for a mandamus. To obtain relief by mandamus it is necessary that the relator should show an invasion of a clear legal right."

The respondent further contends that he may not be compelled to issue permits unless there is a compliance with the law and with the rules of the Board of Regents of the State of New York which, in this instance, have the effect of a statute. (*Matter of Davis*

v. *Sexton,* 211 App. Div. 233; *People* v. *National Association of Certified Public Accountants,* 204 id. 288.)

The petitioner, as a dental corporation, exists solely by reason of a special statutory enactment, by which statute authority is given to the Board of Regents to regulate corporate advertising and practices. Except as provided by section 203 of the Public Health Law, a corporation is not permitted to practice dentistry. (*Hannon* v. *Siegel-Cooper Co.,* 167 N. Y. 244.) If it wishes to do so it must conform to the requirements of that section, which, as amended by chapter 129 of the Laws of 1916, has been repealed and re-enacted as section 1313 of the Education Law by chapter 85 of the Laws of 1927, and provides: " B. A person shall be deemed guilty of a misdemeanor, * * * who * *. *

" 4. Shall practice dentistry * * * under the name of a corporation, * * *; provided that legally incorporated dental corporations existing and in operation prior to January first, nineteen hundred and sixteen, may continue so operating through licensed and registered dentists while conforming to the provisions of this article. Their advertising shall be subject to the rules of the Regents, * * *."

On December 18, 1930, the Board of Regents of the State of New York adopted certain rules and regulations governing dental advertising, declaring the following to be unprofessional and objectionable: " 4. Advertising by means of large display, glaring, illuminated or flickering light signs, or containing as a part thereof the representation of a tooth, teeth, bridgework or any portion of the human head."

The Board of Regents, under section 1313 of the Education Law, is given the absolute right to regulate the advertising of corporations engaged in the practice of dentistry. That section provides: " Their advertising shall be subject to the rules of the Regents, * * *."

In an effort to maintain proper standards and to prevent advertising of a character tending to deceive or mislead the public, the Board of Regents may adopt any reasonable rules to promote the welfare of the public dealing with dentists and to assure them that such practitioners are capable and responsible. Otherwise patients might be subjected to treatment by agents or employees of irresponsible corporations with no opportunity for redress in case of improper practices.

When the respondent was notified that there was a rule forbidding certain advertising signs as " unprofessional and objectionable " it was his duty to respect and enforce that rule, especially in view of the fact that he is responsible for and has a right to

exercise his discretion to determine the fitness and propriety of the signs which the appellant sought to display. The respondent was also of the opinion that the petitioner, because of the difference in the sizes of the letters on the signs, was endeavoring to hide its corporate identity and thus, while possessing the advantages of a corporation, was attempting to deceive the public regarding its identity and responsibility. It was not only within his power but it was his duty to prevent the display of an advertising sign which he believed was purposely designed to misrepresent and mislead the public into believing that they were dealing with an individual as a dentist and not with a corporation.

The refusal of the respondent to issue the permit in question, in view of the several objections, was proper, unless he is without power to exercise any discretion in the matter. If he could be compelled to approve all signs submitted to him, irrespective of their unlawful, fraudulent, misleading and improper form, then his approval would be a useless formality and he might be held responsible for signs which he considered unprofessional or objectionable.

I am of the opinion, therefore, that when the respondent, the city clerk, discovered that the proposed sign did not comply with the law or with the rules of the Board of Regents which were enacted to promote the public welfare, he had the right to withhold his approval of the permit to display the same.

In the head note to the recent case of *Wilbur* v. *United States* (281 U. S. 206) the rule with reference to mandamus was restated as follows: " Mandamus is employed to compel performance of a ministerial duty and also to compel action in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either."

The petitioner is here endeavoring to prevent the city clerk from exercising his discretion in refusing his approval of a sign which he believes is not in conformity with the law. While the decisions permit a mandamus to compel him to act, the courts will not grant a mandamus to compel him to exercise his discretion in a manner not in accordance with his judgment.

Under the circumstances disclosed the court properly refused to issue a mandamus order.

The order should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.