In the Matter of the Application of JOHN J. GRAHAM, Appellant, for an Order of Mandamus against THOMAS W. HAMMOND, as Commissioner of the Sanitation Department of the City of New York, Respondent.

First Department, February 15, 1935.

*Samuel Resnicoff*, for the appellant.

*Seymour B. Quel* of counsel [*Charles E. Ramsgate* with him on the brief; *Paul Windels, Corporation Counsel*], for the respondent.

PER CURIAM. The allegation of the petitioner that there was no legal, competent or proper evidence to establish his guilt, is met with the affirmative allegations in the answering affidavit of the defendant that the petitioner on the hearing did not avail himself of permission granted to be represented by counsel, to call witnesses on his own behalf and to cross-examine, nor did he request further opportunity so to do. It is also alleged that permission to testify in his own behalf and to offer any proof that he might desire was afforded. While the stenographic report of the proceedings tends to support the petitioner's claim that he had no opportunity to explain or testify, to cross-examine or to

be represented by counsel, it is significant that he did not submit a replying affidavit denying the claim of the defendant that his full rights were protected. Only an affidavit of his counsel asserting that the claim that the petitioner waived his rights is without merit was submitted.

On an application for a peremptory order the allegations of the answering affidavit must be deemed true. (*People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390; *Matter of Davis* v. *Sexton*, 211 App. Div. 233; *Matter of County of Ulster* v. *State Department of Public Works*, Id. 629; affd., 240 N. Y. 647.)

It follows, therefore, that the order appealed from should be affirmed, but without costs.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and GLENNON, JJ.

Order affirmed, without costs.