ALBERT SHANKER, Appellant, *v.* REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, December 27, 1966.

*Henry C. Woicik* for appellant.

*Louis J. Lefkowitz, Attorney-General (Robert W. Imrie, Ruth Kessler Toch* and *Herbert H. Smith* of counsel), for respondent.

Brink, J. This is an appeal from a judgment of the Supreme Court at Special Term in Albany County, dated May 13, 1966, which denied plaintiff's motion for summary judgment and granted the defendant's motion to dismiss the complaint on the ground that the complaint failed to state a cause of action.

Plaintiff seeks a summary judgment: (1) Declaring and adjudging that the defendant Board of Regents of the State of New York has been unconstitutionally elected or appointed; (2) declaring and adjudging section 202 of the Education Law unconstitutional in that it provides for the districting of the defendant Board of Regents by judicial districts; and (3) declaring and adjudging section 202 of the Education Law unconstitutional, in that it provides for the election of the members of the defendant board by the Legislature.

By statute enacted in 1784, found in chapter 51 of the Laws of 1784 (Vol. 1, 1777–1784, 7th Sess.), the Legislature designated and appointed members of the Board of Regents from specific areas of the State and gave the Governor the right to fill vacancies from the same counties wherein the former regents resided.

In 1787, the Legislature, by statute, found in chapter 82 of the Laws of 1787 (Vol. 2, 1785–1788, 10 Sess.) amended the original statute by providing that from that time on, all vacancies would be filled by the Legislature, and since that time, this practice has been followed.

Section 2 of article XI of the New York State Constitution (1938) provides that the corporation created in the year 1784 under the name of The Regents of the University of the State of New York, shall hereby continue.

Section 202 of the Education Law now provides that the Board of Regents shall be composed of 15 members elected by the New York State Legislature, one of which shall be chosen from each of the State's 11 Judicial Districts, with 4 chosen at large.

Plaintiff's first contention is that section 202 of the Education Law violates section 4 of article V of the New York State Constitution on the theory that the Constitution mandates that the Governor appoint members of the Board of Regents. This section of the Constitution specifically provides for the heads of certain State departments, including the Board of Regents, as head of the Department of Education, and further "the heads of all other departments and the members of all boards and commissions * * * shall be appointed by the Governor by and with the advice and consent of the senate". This latter provision is not meant to apply to the Board of

Regents previously excepted in this section. Appellant's argument is based upon an improper construction of this section of the Constitution.

Plaintiff's second contention is that the election of the Board of Regents fails to comply with the one man one vote rule mandated by the Equal Protection Clause of the Federal Constitution as enunciated in *Reynolds* v. *Sims* (377 U. S. 533). There is no question but that the population of the Judicial Districts is largely disproportionate. It may be conceded that the board exercises a legislative function within the educational system. (Education Law, § 207; see *Matter of Davis* v. *Sexton*, 211 App. Div. 233.) By reason of these legislative and rule-making powers which have been granted to the Board of Regents and also by reason of the fact that one member of the board is chosen from each Judicial District, it is argued that the Board of Regents violates the one man one vote rule established in *Reynolds* v. *Sims* (*supra*). However, there is a basic distinction. In the *Reynolds* case, the United States Supreme Court held that an individual's right to vote was protected under the Equal Protection Clause and that right is '' unconstitutionally impaired when its weight is in a substantial fashion diluted when compared with votes of citizens living in other parts of the State.'' (*Reynolds* v. *Sims, supra,* p. 568.)

Plaintiff has no such interest to protect. He cannot now vote for any member nor does he contend he is entitled to such a right.

The Board of Regents has been created as an administrative board and it cannot be said that the selection of one member from each judicial district was not provided for the purpose of more direct administration and supervision even though such members participated in the legislative and rule-making functions of the board. There is no constitutional requirement on the Legislature to place any geographical limitations on the selection of any members of the Board of Regents.

The Court of Appeals has stated in the case of *Seaman* v. *Fedourich* (16 N Y 2d 94, 101–102), that '' if the [Legislature] may exercise its legislative powers only in a body constituted on a population basis, any general elective municipal organ to which it delegates certain of its powers must, by a parity of reasoning, be subjected to the same constitutional requirement.'' Crucial here are the words '' any general elective * * * organ ''. Here the Board of Regents is not a general elective organ. The right to elect members is exclusively restricted to members of the Legislature.

The Court of Appeals in the *Seaman* decision further stated (p. 102): "that a person has a substantial right to be heard and to participate, through his elected representatives, in the business of government on an equal basis with all other individuals". Here again, the Court of Appeals mentions "elected representatives". The members of the Board of Regents are not the elected representatives of the plaintiff.

For these reasons, we do not find that plaintiff's constitutional rights as defined by *Reynolds* v. *Sims* (*supra*) have been violated.

The judgment dismissing the complaint should be affirmed.

GIBSON, P. J., HERLIHY, REYNOLDS and STALEY, JR., JJ., concur.

Judgment affirmed, without costs.