JAMES N. DUGGINS, JR. v. NORTH CAROLINA STATE BOARD OF
CERTIFIED PUBLIC ACCOUNTANT EXAMINERS

No. 7410SC971

(Filed 19 March 1975)

1. Accountants— licensing of CPA — experience requirement — supervision of CPA in public practice of accountancy

   The plain meaning of G.S. 93-12(5) is that an applicant for licensing as a CPA shall have two years' experience on the field staff of a CPA in the public practice of accountancy; therefore, a CPA who is also a lawyer engaged in the public practice of law is not a CPA in public practice within the meaning of the statute, and plaintiff could not satisfy the experience requirement for certification as a public accountant by practicing law under the supervision of a lawyer who was was also a CPA.

2. Constitutional Law § 20— CPA — experience requirement for certification — constitutionality of statute

   The requirement of G.S. 93-12(5) that an applicant for licensing as a CPA have two years' experience on the field staff of a CPA in the public practice of accountancy is not unconstitutional since the classification made by the statute is not arbitrary and without reasonable basis, the rule has been uniformly applied, and no discrimination has been shown.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 7 August 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 11 February 1975.

Plaintiff passed the written examination to become a Certified Public Accountant (CPA) in 1965, but was informed by the defendant, North Carolina State Board of Certified Public Accountant Examiners, that his certification would be held in suspense until he fulfilled the two-year experience requirement set forth in G.S. 93-12(5) and Rule (9)(c), Section II, of the Rules of the Board. Subsequently, plaintiff became a lawyer and practiced for more than four years with a Greensboro law firm under the supervision of Richard Tuggle, a lawyer and CPA, where over 50% of his work was on tax accounting matters. In 1972 plaintiff sought certification on the grounds that he had satisfied the experience requirement for certification by working under Tuggle. Defendant denied his application, however, concluding that experience with a law firm under a lawyer-CPA, did not fulfill the requirement of the statute. Upon appeal to the Superior Court, the trial judge concluded plaintiff had satisfied the experience requirement set forth in G.S. 93-12(5) and Rule

(9) (c) and ordered that the decision of the defendant be reversed and the matter remanded for entry of a decision not inconsistent with the judgment of the court. Defendant appealed.

Additional facts necessary for decision are set forth in the opinion.

*Tuggle, Duggins and Donahue, P.A., by Daniel W. Donahue, for plaintiff appellee.*

*Allen, Steed and Pullen, P.A., by Lucius W. Pullen and D. James Jones, Jr., for defendant appellant.*

MORRIS, Judge.

In pertinent part, G.S. 93-12 provides that the powers and duties of the State Board of Certified Public Accountant Examiners shall be as follows:

> "(3) To formulate rules for the government of the Board and for the examination of applicants for certificates of qualification admitting such applicants to practice as certified public accountants.
>
> .   .   .
>
> (5) To issue certificates of qualification admitting to practice as certified public accountants, each applicant who, having the qualifications herein specified, shall have passed examinations to the satisfaction of the Board, in 'theory of account', 'practical accounting', 'auditing', 'commercial law', and other related subjects.
>
> From and after July 1, 1961, any person shall be eligible to take the examination given by the Board who is a citizen of the United States, or has declared his intention of becoming such citizen, and has resided for at least one year within the State of North Carolina, is twenty-one years of age or over and of good moral character, submits evidence satisfactory to the Board that he has completed two years in a college or university, or its equivalent, and shall have completed a course of study in accountancy in a school, college or university approved by the Board. *Such applicant, in addition to passing satisfactorily the examinations given by the Board, shall have had at least two years' experience on the field staff of a certified public accountant or a North Carolina public accountant in public practice, or shall have*

*served two or more years as an internal revenue agent or special agent under a District Director of Internal Revenue, or at least two years on the field staff of the North Carolina State Auditor under the direct supervision of a certified public accountant and shall have the endorsement of three certified public accountants as to his eligibility.* A master's or more advanced degree in economics or business administration from an accredited college or university may be substituted for one year of experience. The Board may permit persons otherwise eligible to take its examinations and withhold certificates until such persons shall have had the required experience." (Emphasis supplied.)

G.S. 93-1, which defines certain terms used in Chapter 93, further provides that

"An 'accountant" is a person engaged in the public practice of accountancy who is neither a certified public accountant nor a public accountant as defined in this chapter.",

and

*"A 'certified public accountant' is a person engaged in the public practice of accountancy who holds a certificate as a certified public accountant issued to him under the provisions of this chapter."* (Emphasis supplied.)

The statute further defines a "public accountant" as

"[a] person engaged in the public practice of accountancy who is registered as a public accountant under the provisions of this chapter.",

and provides that

*"A person is engaged in the 'public practice of accountancy' who holds himself out to the public as an accountant and in consideration of compensation received or to be received offers to perform or does perform, for other persons, services which involve the auditing or verification of financial transactions, books, accounts, or records, or the preparation, verification or certification of financial, accounting and related statements intended for publication or renders professional services or assistance in or about any and all matters of principle or detail relating to accounting procedure and systems, or the recording, presentation or certification and the interpretation of such service through statements and reports."* (Emphasis supplied.)

Rule 9(c) of Section II of the Rules of the Board, promulgated under the authority of G.S. 93-12, tracks the experience requirement of the statute in its provisions that:

"Each applicant must submit proof, acceptable to the Board, that he has had:

(1) At least two years' experience on the field staff of a certified public accountant in public practice or a North Carolina public accountant in public practice.

(2) Or, shall have served two or more years as an internal revenue agent or special agent under a District Director of Internal Revenue.

(3) Or, shall have served at least two years on the field staff of the North Carolina State Auditor under the direct supervision of a certified public accountant.

(4) A master's or more advanced degree in economics or business administration from an accredited college or university as provided in Rule 9(b)(2) may be substituted for one year of experience."

[1] The major question presented by this appeal is whether the phrase "in public practice" as used in that portion of G.S. 93-12(5), which reads "two years' experience on the field staff of a certified public accountant or a North Carolina public accountant in public practice", is equivalent to the phrase "public practice of accountancy", as that phrase is defined in G.S. 93-1(5). The trial court specifically found that the two phrases were not equivalent and therefore concluded that "[a] certified public accountant who is also a lawyer engaged in the public practice of law is a certified public accountant in public practice within the meaning of G.S. 93-12(5)." The defendant Board assigns error to this interpretation of the statute and seeks a reversal of the trial court's decision finding that the plaintiff "has satisfied the experience requirement of G.S. 93-12(5)." More specifically, defendant contends that well-settled rules of construction preclude such an interpretation of the statute. We agree.

It is an accepted principle of statutory construction in this State that " 'parts of the same statute, and dealing with the same subject' are "to be considered and interpreted as a whole . . . " ' " *Fishing Pier v. Town of Carolina Beach,* 274

N.C. 362, 370, 163 S.E. 2d 363 (1968), [quoting from *In Re Hickerson,* 235 N.C. 716, 71 S.E. 2d 129 (1952)] and cases cited therein. Furthermore, our courts have consistently held that "[s]tatutes dealing with the same subject matter must be construed *in pari materia,* and harmonized, if possible, to give effect to each." 7 Strong, N. C. Index 2d, Statutes, § 5, p. 75. Considering and interpreting the provisions of Chapter 93 of the General Statutes as a whole, we think it clear that the plain meaning of G.S. 93-12(5) is that an applicant for licensing as a certified public accountant shall have two years' experience on the field staff of a certified public accountant *in the public practice of accountancy.* An examination of the experience requirement of our statutes since 1913 provides additional support for our holding.

Within the act creating a State Board of Accountancy in 1913 our General Assembly provided that:

> "Any citizen of the United States, or person who has duly declared his intention of becoming such citizen, over the age of twenty-one years, of good moral character, being a graduate of a high school or having had an equivalent education, *who has had at least three years experience in the practice of accounting,* and has passed a satisfactory examination as herein provided, shall be entitled to a certificate to practice accounting and shall be styled and known as a certified public accountant." (Emphasis supplied.) Public Laws 1913, c. 157, § 8.

The act further provided that " . . . be it understood that by 'public accountant' is meant one actively engaged and practicing accountancy as his principal vocation during the business period of the day . . . "

Chapter 261 of the Public Laws of 1925, which "was evidently intended to cure the defects or omissions of former statutes", *Respess v. Spinning Co.,* 191 N.C. 809, 813, 133 S.E. 391 (1926), carried forward the experience requirement. Section 11(5) of the act empowered the Board to issue certificates of qualification to practice as certified public accountants to each applicant, "who, being the graduate of an accredited high school or having an equivalent education, shall have had at least two years experience *or its equivalent* next preceding the date of his application on the field staff of a certified public accountant or public accountant one of which shall have been as

a senior or accountant in charge, and who shall receive the endorsement of three certified public accountants of any state as to his eligibility to become a certified public accountant; or who, in lieu of the two years experience *or its equivalent,* above mentioned, shall have had one year's experience after graduating from a recognized school of accountancy; . . . " (Emphasis supplied.) Under the statute "equivalent" experience was recognized as sufficient to meet the experience requirement for certification. Undoubtedly, plaintiff's chances of becoming qualified for admission to practice as a certified public accountant would have been better under the 1925 act, under the identical circumstances which are before us. We find it significant, however, that the 1951 Session of the General Assembly completely deleted the phrase "or its equivalent" from the statute effective 1 July 1955.

From 1 July 1955 until 1 July 1961 the statute provided that an applicant, "in addition to passing satisfactorily the examinations given by the board, shall have had at least two years' experience next preceding the date of his application on the field staff of a certified public accountant or public accountant or on the field staff of an accounting firm of which at least one member is a certified public accountant or public accountant, one year of which experience shall have been as a senior or accountant in charge *or shall have served two or more years as a field agent under an Internal Revenue Agent in Charge or Special Agent in Charge of the Bureau of Internal Revenue,* and shall have the endorsement of three certified public accountants as to his eligibility . . . " (Emphasis supplied.) Chapter 844, § 6, 1951 Session Laws of North Carolina.

Experience as a field agent under an Internal Revenue Agent in Charge or Special Agent in Charge of the Bureau of Internal Revenue was specifically held to be sufficient for certification under the 1951 act. Apparently, however, the General Assembly decided that after 1 July 1955, it would no longer recognize other "equivalent" experience as sufficient.

On 1 July 1961, the Legislature changed the experience requirement of the statute further. The 1961 rewrite of the statute provided that an applicant "in addition to passing satisfactorily the examinations given by the board, shall have had at least two years' experience on the field staff of a certified public accountant or a North Carolina public accountant in public practice, *or shall have served two or more years as an internal revenue*

*agent or special agent under a District Director of Internal Revenue, or at least two years on the field staff of the North Carolina State Auditor under the direct supervision of a certified public accountant . . . "* (Emphasis supplied.) Chapter 1010, § 2, 1961 Session Laws of North Carolina.

Effective 1 July 1961, experience on the field staff of the North Carolina State Auditor under the direct supervision of a certified public accountant also was specifically held to be sufficient for certification. Again, however, the Legislature refused to recognized other "equivalent" experience as sufficient.

It is a well-established rule of construction in this State that "[t]he intent of the legislature controls the interpretation of a statute." 7 Strong, N. C. Index 2d, Statutes, § 5, pp. 68-69, and cases cited therein.

In 1961, by again refusing to recognize "equivalent" experience as sufficient for certification, except as otherwise specifically provided in the statute, we think the clear intent of the Legislature was to require experience on the field staff of a certified public accountant in the "public practice of accountancy" or a North Carolina public accountant in the "public practice of accountancy".

Additionally, our courts often have held that "[a]n administrative interpretation of a statute, acquiesced in over a long period of time, is properly considered in the construction of the statute by the courts." Strong, supra, at p. 75.

> "Where an issue of statutory construction arises, the construction adopted by those who execute and administer the law in question is relevant and may be considered. Such construction is entitled to 'great consideration,' *Gill v. Commissioners,* 160 N.C. 176, 76 S.E. 203 (1912) ; or to 'due consideration,' *Faizan v. Insurance Co.,* 254 N.C. 47, 118 S.E. 2d 303 (1961). It is said to be 'strongly persuasive,' *Shealy v. Associated Transport,* 252 N.C. 738, 114 S.E. 2d 702 (1960), or even *prima facie* correct,' *In re Vanderbilt University,* 252 N.C. 743, 114 S.E. 2d 655 (1960). . . . " *MacPherson v. City of Asheville,* 283 N.C. 299, 307, 196 S.E. 2d 200 (1973).

We note that in the 21 August 1973 decision of the State Board of Certified Public Accountant Examiners, denying plaintiff application for certification, it is stated "[t]hat it has been

the long standing administrative practice of the Board to inter-
pret the provisions of G.S. 93-12(5) to mean that employment by
a licensed certified public accountant engaged in the practice of
law is not experience which would qualify an applicant for
licensing by the Board as a certified public accountant."

Considering the long-standing practice of the Board and
interpreting the statute consistently with the legislative intent,
we hold that the trial court erred in concluding that plaintiff
has satisfied the experience requirement of G.S. 93-12(5). In
our opinion experience with an attorney-CPA is not sufficient
for certification unless the attorney-CPA is in the "public prac-
tice of accountancy" as that phrase is defined by G.S. 93-1(5).
In this case Tuggle was not in the "public practice of account-
ancy", since he did not perform all of an accountant's functions.
Furthermore, he could not ethically hold himself out to the pub-
lic as an accountant as required by G.S. 93-1(5).

> "A lawyer who is engaged both in the practice of law and
> another profession or business shall not so indicate on his
> letterhead, office sign, or professional card, nor shall he
> identify himself as a lawyer in any publication in connec-
> tion with his other profession or business." Code of Pro-
> fessional Responsibility of the North Carolina State Bar,
> Disciplinary Rule 2-102(E), (effective 1 January 1974).

It is conceded by all parties that plaintiff did not, nor did
Mr. Tuggle, prepare, verify or certify, "financial, accounting and
related statements *intended for publication*" during the period in
question here. Although preparation of financial statements,
etc., intended for publication if only to the stockholders of a
corporation, is one of the services which, by statutory definition,
is a part of the public practice of accountancy, neither plaintiff
nor Tuggle could, as practicing lawyers, ethically perform that
service.

[2]  Plaintiff argues in his brief that the experience require-
ment of the statute is unconstitutional in that it establishes a
system of obligatory apprenticeship for practicing certified pub-
lic accountants and discriminates against certified public account-
ants who are not in the "public practice of accountancy". We
are aware of the rule that "[a]ppellate courts will not ordinarily
pass upon a constitutional question unless it affirmatively ap-
pears that such question was raised and passed upon in the
trial court." *City of Durham v. Manson,* 285 N.C. 741, 743,

208 S.E. 2d 662 (1974), and cases cited therein. Although the question was not passed upon by the trial court, it was raised by plaintiff in his notice of appeal from the decision of the North Carolina State Board of Certified Public Accountant Examiners. We, therefore, feel that the question is properly before us.

There can be no question but that the public practice of accountancy is a highly skilled and technical profession and one which affects the public welfare. The plaintiff concedes that the State, in the exercise of its police powers, may regulate the profession and those who practice it. This must be so in order to protect the public against fraud, deception, and the possible consequences of ignorance, incompetence or incapacity to practice such a highly technical profession.

> " . . . Provisions classifying applicants for licensing or certification *on the basis of experience,* or exempting those already engaged in the profession who have had experience for a stated length of time, are reasonable and valid if they apply equally to all similarly situated." (Emphasis supplied.) 1 Am. Jur. 2d, Accountants, § 5, p. 360, and cases cited therein.

The North Carolina General Assembly in several other professions and occupations has either required by statute experience before licensing or authorizing the licensing board to require experience, including but not limited to Landscape Architects (G.S. 89A-4), Pharmacists (G.S. 90-61.1), Embalmers (G.S. 90-210), Cosmetologists (G.S. 88-12), Engineers [G.S. 89-7(b)(1)], Practicing Psychologists [G.S. 90-270.11(1)].

In *Davis v. Sexton,* 207 N.Y.S. 377, 211 App. Div. 233 (1925), the Court noted that the Regents of the University of the State of New York had been given, by the Legislature, the "express and exclusive power to prescribe the professional qualifications to practice as a public expert accountant under the title of 'certified public accountant' ". One of the rules adopted by the Regents was Rule No. 426a:

> "A candidate must also present satisfactory evidence of five years' experience in the practice of accountancy, at least three of which must have been completed prior to his admission to the written certified public accountant examination, *and at least two of the five years' experience shall*

*have been in the employ of a certified public accountant in active practice in no less grade than that of a junior accountant or its equivalent."* (Emphasis supplied.)

The petitioner, Davis, admitted that he had not complied with the rules as interpreted by the Regents. He was *not employed* by a certified public accountant. He was employed by a firm of auditors, none of whom was a certified public accountant. However, petitioner worked under and was supervised by two employees who were certified public accountants. In its discussion, the New York Court said:

"The rule itself, as interpreted by the regents, is not arbitrary and capricious. It has a basis in reason. The reason assigned by the regents is that the integrity and high standard of the group of public accountants, who are to be certified by the regents as worthy of this honorable rank in their profession, justifies the test of a substantial period of experience as an employee of one who has been certified and who will feel a personal and professional responsibility as the employer of such candidate. A coemployee has no such direct responsibility for the character and quality of the candidate's work, and has no power to select him or discharge him. Proper supervision and training of the candidate are more likely to be secured if the employer is a certified accountant, for the reason that 'he is responsible professionally as well as personally for the acts of the candidate and is bound to exercise a much greater degree of supervision than would be exercised by any mere employee. His own self-interest demands it.' "

The Court held that the Legislature had properly granted the Regents the power to fix the professional requirements and that the rule had been uniformly applied and was not being applied arbitrarily and capriciously in petitioner's case.

In the case before us, the Board by G.S. 93-12, is given the power to "formulate rules for the government of the Board and for the examination of applicants for certificates of qualification admitting such applicants to practice as Certified Public Accountants". The General Assembly also, by G.S. 93-12(5), required that in addition to passing satisfactorily the exam given by the Board, an applicant shall have had "at least two years' experience on the field staff of a certified public accountant or a North Carolina public accountant in public practice, . . . " By

its Rule 9(c) (1) the Board interprets that as meaning "At least two years' experience on the field staff of a certified public accountant *in public practice* or a North Carolina public accountant in public practice." (Emphasis supplied.)

> "It is a well understood rule of constitutional law that the General Assembly may distinguish, select and classify objects of legislation provided such classifications are reasonable and just and apply uniformly to all members of the affected class. Inequality does not render a statute unconstitutional if the selections are not arbitrary and capricious. The presumption is that any act passed by the legislature is constitutional, and the court will not strike it down if such legislation can be upheld on any reasonable ground." (Citations omitted.) *Ramsey v. Veterans Commission,* 261 N.C. 645, 647, 135 S.E. 2d 659 (1964).

Plaintiff here has not shown that the classification of which he complains is essentially arbitrary and without any reasonable basis. The rule has been uniformly applied. It has been uniformly observed by the Board. No discrimination has been shown. Plaintiff has not complied with the rule, but its application to him does not deny him the equal protection of the laws guaranteed by the State and Federal Constitutions.

For the reasons stated, the decision of the trial court is

Reversed.

Judges PARKER and HEDRICK concur.