DOUGHERTY EQUIPMENT COMPANY, INC., Plaintiff v. M.C. PRECAST CONCRETE, INC., Defendant

No. COA10-646

(Filed 7 June 2011)

**Process and Service— package left at front desk—rebuttable presumption of service**

The trial court abused its discretion by granting defendant's motion for relief from a default judgment without considering the presumption of proper service provided by N.C.G.S. § 1A-1, Rule 4(j2)(2). Federal Express delivered a package containing the summons and complaint to the "front desk" of the registered agent, and the delivery form was signed by someone other than the addressee.

Appeal by plaintiff from order entered on or about 30 December 2009 by Judge Angela Foster in District Court, Guilford County. Heard in the Court of Appeals 16 November 2010.

DOUGHERTY EQUIP. CO., INC. v. M.C. PRECAST CONCRETE, INC.

[212 N.C. App. 509 (2011)]

*Tuggle Duggins & Meschan, P.A., by Emma C. Merritt Baggett and J. Nathan Duggins III, for plaintiff-appellant.*

*Vann & Sheridan LLP, by Cody R. Loughridge and James R. Vann, for defendant-appellee.*

STROUD, Judge.

Plaintiff appeals from the trial court's order granting defendant's motion for relief from judgment and motion to dismiss due to improper service. As the trial court failed to consider whether service of process was proper under N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2), we reverse and remand.

## I. Background

On 25 May 2009, plaintiff filed a complaint against defendant for breach of contract based upon defendant's failure to pay plaintiff for equipment, goods, and services sold and provided to defendant on an open account. Plaintiff sought payment of $46,573.17, plus interest of 1.5% per month. The summons was directed to Raymond Duchaine, defendant's registered agent, and was served by FedEx Priority Overnight mail on 27 May 2009. Plaintiff filed an affidavit of service on 3 June 2009. On 21 July 2009, plaintiff filed a "MOTION FOR ENTRY OF DEFAULT" as defendant had failed to file an answer or respond to plaintiff's complaint. On 22 July 2009, the trial court entered default against defendant. Also on 22 July 2009, plaintiff filed a "MOTION FOR ENTRY OF DEFAULT JUDGMENT[.]" On 24 July 2009, the trial court entered judgment by default against defendant.

On 19 October 2009, defendant filed a "MOTION FOR RELIEF FROM JUDGMENT & MOTION TO DISMISS[,]" alleging that defendant was not properly served because Mr. Duchaine did not receive the summons and complaint. After a hearing upon defendant's motion, on 30 December 2009, the trial court found:

1. On May 26, 2009, Plaintiff Dougherty Equipment Company, Inc. ("Plaintiff") initiated this action by filing a Complaint against Defendant M.C. Precast Concrete, Inc. ("Defendant") seeking a recovery of a certain sum allegedly owed from Defendant to Plaintiff.

2. Also on May 26, 2009, a Summons was issued in this action addressed to:

   c/o Raymond Duchaine, Registered Agent
   520 Pristine Water Drive
   Apex, NC 27502

3. Defendant is a corporation organized and existing under the laws of North Carolina, with its principal office and place of business located at 520 Pristine Water Drive, Apex, NC 27502. Defendant's president and registered agent is Raymond Duchaine, and the address of Defendant's registered office is 520 Pristine Water Drive, Apex, NC 27502, as listed with the North Carolina Secretary of State.

4. On May 26, 2009, Plaintiff's counsel deposited via Federal Express (FedEx) Priority Overnight service a service letter and a copy of the Summons and Complaint issued in this action, addressed to:
Raymond Duchaine
Reg Agent for M.C. Precast Concrete
520 PRISTINE WATER DR
APEX, NC 27539.

5. On May 27, 2009, at 11:35 a.m., Defendant's employee Chad West signed for and received the FedEx package containing a copy of the Summons and Complaint.

6. Mr. West apparently works at the front desk of Defendant's office located at 520 Pristine Water Drive in Apex, North Carolina.

7. Mr. Duchaine also works in Defendant's office located at 520 Pristine Water Drive in Apex, North Carolina.

8. On June 2, 2009, Plaintiff's counsel filed a sworn Affidavit of Service stating that she had deposited a service letter and a copy of the Summons and Complaint via Federal Express overnight service addressed to Defendant's registered agent; that the letter, Summons and Complaint were delivered to the registered agent; and that the Federal Express Confirmation form evidencing delivery on May 27, 2009 was attached to the Affidavit as Exhibit A.

9. Attachment A to the Affidavit of Service is an electronic delivery receipt provided by FedEx indicating that the package containing the Summons and Complaint and addressed to Mr. Duchaine was delivered to the "Receptionist/Front Desk" and was signed for by "C. West."

11. Defendant's attorney filed a Notice of Appearance on or about August 7, 2009. On or about October 16, 2009, Defendant filed its Motion for Relief from Judgment and Motion to Dismiss, seeking, *inter alia*, relief [from] the Default Judgment on the

grounds of invalid service and excusable neglect, and dismissal for insufficiency of process.

The trial court determined that plaintiff failed to properly serve defendant pursuant to North Carolina Rule of Civil Procedure 4(j)(6)(d), and accordingly concluded that "the Default Judgment entered in this action is void[.]" The trial court therefore granted defendant's motion for relief from judgment and motion to dismiss. Plaintiff appeals.

## II. Service

Plaintiff contends that the trial court erred in granting defendant's motion for relief from judgment because it erroneously concluded that defendant was not properly served. Plaintiff first notes that the trial court erred in failing to recognize the presumption that it had made proper service pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Defendant argues that pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d), plaintiff was required to deliver the summons and complaint directly "to the addressee[,]" Mr. Duchaine, and because plaintiff failed to comply with the plain language of Rule 4(j)(6)(d), no further analysis is necessary.

"The standard of review for a trial court's ruling on a Rule 60(b)[, "[r]elief from judgment or order[,]"] motion is abuse of discretion. Abuse of discretion exists when the challenged actions are manifestly unsupported by reason." *Barnes v. Wells*, 165 N.C. App. 575, 580, 599 S.E.2d 585, 589 (2004) (citation and quotation marks omitted). "On motion and upon such terms as are just, the court may relieve a party . . . from a final . . . order . . . [when t]he judgment is void[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(4). "If . . . an order is rendered without an essential element such as . . . proper service of process, it is void." *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984).

Regarding service of process, Rule 4(j)(6)(d) provides that a domestic corporation may be served

[b]y depositing with a designated delivery service[1] authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

---

1. There is no dispute that FedEx Priority Overnight mail is a "designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2)[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d).

**DOUGHERTY EQUIP. CO., INC. v. M.C. PRECAST CONCRETE, INC.**

[212 N.C. App. 509 (2011)]

N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d) (2009). Furthermore,

> [b]efore judgment by default may be had on service by registered or certified mail, signature confirmation, or *by a designated delivery service* authorized pursuant to 26 U.S.C. § 7502(f)(2) with delivery receipt, the serving party shall file an affidavit with the court showing proof of such service in accordance with the requirements of G.S. 1-75.10(a)(4), 1-75.10(a)(5), or 1-75.10(a)(6), as appropriate. This affidavit together with the return receipt, copy of the proof of delivery provided by the United States Postal Service, or delivery receipt, *signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process* or was a person of suitable age and discretion residing in the addressee's dwelling house or usual place of abode.

N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) (2009) (emphasis added).

Defendant argues that the summons can be served only on the named "addressee" because Rule 4(j)(6)(d) provides that service should be "deliver[ed] to the addressee." N.C. Gen. Stat. § 1A-1, Rule 4(j)(6)(d). Thus, defendant contends that service was not proper as the summons and complaint was not delivered to Mr. Duchaine, as the "addressee[,]" but was instead delivered to Mr. West. However, defendant's argument fails to consider Rule 4(j2)(2). Rule 4(j)(6)(d) must be construed in the context of the other provisions of Rule 4. *See Duggins v. North Carolina State Bd. of Exam'rs*, 25 N.C. App. 131, 135, 212 S.E.2d 657, 660 (1975). "Our courts have consistently held that statutes dealing with the same subject matter must be construed in pari materia, and harmonized, if possible, to give effect to each[,]" *Id.* (citation, quotation marks, and brackets omitted).

Each subsection of Rule 4 addresses a particular aspect of service of process: (a) issuance of a summons; (b) contents of a summons; (c) return of a summons; (d) extension of a summons; (e) discontinuance of a summons; (f) date of multiple summonses; (g) docketing a summons by the clerk; (h) when proper officer is not available for executing summons; (h1) when summons returns unexecuted; (i) amendment of a summons; (j) process of service to exercise personal jurisdiction upon various types of persons and legal entities, including subsection (6) as to corporations; (j1) service by publication; (j2) proof of service, including provisions as to: (1) personal service, (2) registered or certified mail, signature confirmation,

or designated delivery service, and (3) publication; (j3) foreign service; (j4) when process or default judgment cannot be attacked; (j5) personal jurisdiction by acceptance of service; (j6) service not allowed by electronic mailing; and (k) process of service to exercise jurisdiction in rem or quasi in rem. *See* N.C. Gen. Stat. § 1A-1, Rule 4. Considered as a whole, Rule 4 includes comprehensive provisions for service of process, and the provisions of Rule 4(j2)(2) clearly apply to service made under any of the applicable provisions of Rule 4. *See id.* Accordingly, in considering whether service was proper under Rule 4(j)(6)(d), the trial court was required to consider the presumption described in Rule 4(j2)(2). *See id.*

The applicability of the Rule 4(j2)(2) presumption, *see* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2), is demonstrated by the uncontested findings of fact as to the service of the summons and complaint, *In re M.M.*, — N.C. App. —, —, 684 S.E.2d 463, 469 (2009):

> 8. On June 2, 2009, Plaintiff's counsel filed a sworn Affidavit of Service stating that she had deposited a service letter and a copy of the Summons and Complaint via Federal Express overnight service addressed to Defendant's registered agent; that the letter, Summons and Complaint were delivered to the registered agent; and that the Federal Express Confirmation form evidencing delivery on May 27, 2009 was attached to the Affidavit as Exhibit A.

> 9. Attachment A to the Affidavit of Service is an electronic delivery receipt provided by FedEx indicating that the package containing the Summons and Complaint and addressed to Mr. Duchaine was delivered to the "Receptionist/Front Desk" and was signed for by "C. West."

Based upon these findings of fact, a presumption that defendant was properly served arises under Rule 4(j2)(2). The "delivery receipt" was "signed by the person who received the mail or delivery[,]" Mr. West; he was "not the addressee" but the delivery receipt "raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" *See* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). This presumption of service is rebuttable. *See id; see generally Taylor v. Brinkman*, 108 N.C. App. 767, 771, 425 S.E.2d 429, 432 (1993) (noting the presumption in Rule 4(j2)(2) is rebuttable). But here the trial court concluded that "[w]hether Mr. West was authorized to receive and sign for mail or

FedEx packages on behalf of Mr. Duchaine and/or Defendant . . . is irrelevant to this Court's inquiry under Rule 4(j)(6)(d)[.]" This conclusion is in direct contravention with Rule 4(j2)(2) which when applied to these facts raises the presumption that Mr. West was "an agent of the addressee authorized by appointment or by law[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2).

While defendant contends that Mr. West was neither actually nor impliedly authorized to receive service on behalf of defendant, these are disputed facts which the trial court should have considered rather than dismissing such facts as "irrelevant[.]" Plaintiff attempted to present evidence regarding Mr. West's authority, as plaintiff subpoenaed Mr. West to testify at the hearing, but Mr. West did not appear and defendant filed a motion to quash plaintiff's subpoena. Plaintiff also requested "continuance of the hearing for the purpose of questioning Mr. West, through discovery or otherwise" regarding his authority "to receive and sign for mail or FedEx packages" for Mr. Duchaine or defendant, but the trial court denied plaintiff's request for continuance because it determined that Mr. West's authority was "irrelevant[.]" In order to rebut the Rule 4(j2)(2) presumption, defendant would have to demonstrate that Mr. West was not "an agent of the addressee authorized by appointment or by law to be served or to accept service of process[.]" N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). On remand, the trial court must consider the presumption of proper service raised by Rule 4(j2)(2), and this consideration would properly include evidence regarding Mr. West's authority, or lack thereof, to receive mail or FedEx packages on behalf of Mr. Duchaine or defendant. Because the trial court determined that evidence regarding Mr. West's authority was irrelevant, a new hearing will be necessary on defendant's motions for relief from judgment and to dismiss.

### III. Conclusion

As the trial court abused its discretion by failing to consider the presumption of proper service pursuant to Rule 4(j2)(2), we reverse and remand for further proceedings consistent with this opinion. As we are reversing and remanding the order, we need not consider plaintiff's other arguments.

REVERSED AND REMANDED.

Judges BRYANT and BEASLEY concur.