In the Matter of the Application of GEORGE A. EICHLER, Petitioner, for an Order Pursuant to Article 78 of the Civil Practice Act, against JOHN J. McELLIGOTT, as Fire Commissioner of the City of New York and as Trustee of the New York Fire Department Relief Fund, Respondent.

Supreme Court, Trial Term, New York County, January 13, 1939.

*Maxwell M. Booxbaum* [*Herman A. Gray* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Thomas W. A. Crowe* of counsel], for the respondent.

PECORA, J. This is a motion by respondent to set aside the jury's verdict in favor of petitioner, on all the grounds specified in section 549 of the Civil Practice Act, except that of inadequacy. Certain other motions were made during the trial to dismiss the petition on the ground (a) of laches; (b) that this proceeding is barred by the statutory limitation of four months prescribed by section 1286 of the Civil Practice Act; and (c) that under the authority of *Matter of Phillips* v. *McElligott* (254 App. Div. 863) the petition did not allege a grievance entitling the petitioner to the relief sought. Upon all these motions the trial court reserved decision.

The petitioner, who is now forty-four years of age and who held the rank of captain in the fire department, was retired on half pay by the respondent as of October 1, 1936, for total physical disability, after an examination by the medical board of the department. The disability, which is not disputed, is a serious cardiac condition of a progressive nature.

Petitioner claims that this disability is not of a character which disqualifies him from performing any and all services in the fire department, but only from the active duties incidental to the fighting of fires. He also claims that the disability was caused by injuries received by him in the active discharge of his duties on July 19, 1930.

Respondent denies these allegations and contends: (1) That petitioner is physically disqualified from performing any and all duties, active or otherwise, in the department; and (2) that the disability was not due to the injuries concededly received by petitioner on July 19, 1930, while on active duty.

This proceeding was instituted by petitioner on May 18, 1938, under article 78 of the Civil Practice Act, for an order compelling respondent to restore him to duty as a captain in the uniformed force at the regular annual salary of $4,500, and to assign him to some position in the department not requiring active service as a fireman. The relief sought by petitioner is based on the following provision of section 790 of the Greater New York Charter: " But should permanent disability caused by injuries received in the active discharge of his duties disqualify him only from performing active duty in the uniformed force, he *shall* be employed at the salary received when such disability occurred in some position in the department not requiring active service as a fireman." (Italics mine.)

Under a Special Term order of this court, the issues raised by the pleadings were tried before this court and a jury at a Trial Term. The verdict was in favor of the petitioner. It implied findings that the petitioner's disability was due to injuries received by him on July 19, 1930, while actively discharging his duties; and that such disability did not disqualify him from performing duties in the department other than those of active fire service.

Upon the trial it was not disputed that on July 19, 1930, the petitioner, then a captain acting as a battalion chief, was responding to a fire alarm, in an official automobile driven by a fireman; that such automobile became involved in a collision which killed the fireman-chauffeur, wrecked the car, and injured the petitioner.

It is obvious that the principal questions of fact presented for determination were: (1) Did the injuries received by the petitioner on July 19, 1930, cause the cardiac condition from which he was concededly suffering at the time of his retirement on October 1, 1936? (2) If they did, was the resultant disability of a character which disqualified petitioner only from performing active duty in the uniformed force, but did not disqualify him from performing other duties in a position not requiring active fire service?

Naturally much of the testimony consisted of expressions of opinion by doctors testifying as experts. There was sufficient evidence to support the jury's verdict. Indeed, on the question of whether petitioner's disability was such as to disqualify him from performing services other than those of a fire-fighting nature, it is undisputed that at the time of his retirement on half-pay, the respondent himself suggested that petitioner could augment his income by obtaining private employment requiring light work.

While the court appreciates the inherent difficulty which any jury would experience in determining these unusual factual questions, and while the court itself might have reached different conclusions from those arrived at by the jury, these are, after all, considerations which are insufficient to justify the trial court in setting the verdict aside. In the light of all the evidence in the case, the court cannot fairly say that its conscience is shocked by the verdict; nor that it represents a misconception by the jury of the issues involved; nor that it is the product of passion, bias or prejudice; nor that it was based upon an erroneous principle. Hence, the motion to set the verdict aside must be denied.

The motion to dismiss upon the ground of laches is also denied. Where, in a proceeding of this nature, this ground is advanced as a basis for dismissal, it is incumbent upon the respondent to show a resultant damage or prejudice from such laches. This the respondent has failed to do.

It is true that the evidence here shows that in March, 1937, a lieutenant in the fire department was promoted to the grade of captain and assigned to the command of the unit which petitioner commanded at the time of his retirement on October 1, 1936. But that fell short of establishing that such promotion was rendered necessary by the retirement of the petitioner.

Furthermore, the petitioner is not seeking reinstatement to active fire duty, such as is necessarily involved in the command of a fire-fighting unit. He is specifically insisting upon the right to reinstatement at full pay *and assignment to a position in the department not requiring active fire service,* under the provision of section 790 of the charter above quoted. Under the circumstances of this case, as disclosed by the proof, the rule laid down in *People ex rel. Miller* v. *Justices* (78 Hun, 334) (relied upon by the respondent), has no application. Rather is the instant proceeding to be controlled by the principles enunciated in such cases as *People ex rel. Ehrlich* v. *Grant* (61 App. Div. 238); *Matter of Ramsay* v. *Lantry* (123 id. 71); *Jennings* v. *Johnson* (161 id. 625) and *Matter of Shevlin* v. *LaGuardia* (166 Misc. 473).

In *People ex rel. Ehrlich* v. *Grant* (*supra*) the court said (at p. 242): " Under such circumstances it is quite proper to say, as was said by the learned judge at Special Term in granting this writ: ' A delay in enforcing one's rights, that has not caused prejudice to an adverse party, is not laches; ' and when there is added to this the further qualification that no other person's rights are or can be prejudiced, it is correct as the statement of a rule of law, and no lapse of time ought to intervene to bar the right, in the absence of an inexorable rule of law properly presented."

The rule just referred to is a peculiarly appropriate one for this case. The relief sought here by petitioner, if granted, could in no way prejudice the respondent or any one else. It would still be necessary for respondent to assign, as he has already done, another officer to the active command of the fire-fighting unit in the department from which petitioner was detached by his retirement.

The four-month Statute of Limitations embodied in section 1286 of the Civil Practice Act has no application here. That statute went into effect on September 1, 1937, eleven months after petitioner's retirement. It contains no provision giving it a retroactive effect, nor any words indicative of a legislative intent to make it retroactive. Therefore, it cannot operate retroactively and does not bar this proceeding. (See *People* v. *Cohen,* 245 N. Y. 419, and *Gilbert* v. *Ackerman,* 159 id. 118.)

There remains respondent's motion to dismiss the proceeding on the ground that the petition fails to allege a grievance which would

entitle petitioner to the relief for which he prays. This motion is also denied. For reasons already discussed hereinabove, this court is of the opinion that the allegations of the petition — if established by proper proof — are sufficient to entitle petitioner to that relief. The respondent, of course, may have an exception to each of the court's rulings herein announced.