In the Matter of James A. Roche, Petitioner, against New York City Employees' Retirement System, Respondent.

Supreme Court, Special Term, Kings County, November 17, 1939.

*W. J. H. Molinari,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondent.

SWAZEY, J.   This is a proceeding under article 78 of the Civil Practice Act to direct the retirement of the petitioner as of February 2, 1934, for accident disability under the provisions of the charter governing the New York City Employees' Retirement System, and to direct the continuance of payments to the petitioner of $133.65 per month for the remainder of his life, which payments were suspended in April, 1939.

The petitioner was retired for accident disability on September 25, 1934, pursuant to a resolution of the board of estimate and apportionment.   Thereafter he was paid a retirement allowance of $1,603.91 annually in equal monthly installments of $133.65 effective as of February 2, 1934.   On May 17, 1935, just sixteen days prior to the petitioner's fifty-fifth birthday, a resolution was adopted by the board of estimate and apportionment at its meeting wherein the name of the petitioner was certified to the municipal civil service commission for registry on a preferred eligible list for assignment to light duty.   The petitioner at the time of joining the New York City Employees' Retirement System had selected fifty-five as his minimum age for retirement.   Notwithstanding the enactment of said resolution the name of petitioner never appeared on

any preferred list nor was any light work actually assigned to him until several years after he had passed the minimum age for retirement. During all this period of time the respondent continued to pay him the retirement allowance pursuant to the resolution of 1934. Finally, in 1939, after petitioner had passed his fifty-eighth birthday, respondent required that petitioner submit to another examination and as a result of its findings directed him to report for light work, and upon his refusal suspended payment of the retirement allowance. It has been clearly established that no work had been offered to petitioner nor had the payments been suspended until after he had attained the minimum service retirement age.

Under these circumstances the respondent is without power to reduce the pension of petitioner. Section B3–41.0 of the New York City Administrative Code does not authorize the reduction of the pension after the employee has reached the minimum age for service retirement. A determination by the medical board and the board of estimate and apportionment that petitioner was no longer totally physically disabled, on the eve of his attainment of the minimum service retirement age, does not entitle the respondent to reduce the pension since it had not actually assigned the petitioner to some work prior to the actual date of his fifty-fifth birthday. As to this we are governed by the wording of the section itself, and under this language I am of the opinion that the retirement system and its officers were powerless to reduce petitioner's pension after he had reached the minimum service retirement age, and the acts in that regard, including the recall of petitioner for examination in April, 1939, were without authority.

The four-month Statute of Limitations embodied in section 1286 of the Civil Practice Act has no application here. That statute became effective September 1, 1937, something over two years subsequent to the passage of the resolution to place petitioner's name on a preferred list. The statute contains no provision giving it a retroactive effect or any words indicative of legislative intent to make it retroactive. (*Matter of Eichler* v. *McElligott*, 169 Misc. 848.) Nor, under the circumstances, do I find any laches on the part of the petitioner, particularly in view of the fact that the city has in no wise been prejudiced.

The motion is, therefore, granted.