In the Matter of LILLIAN F. LORBER, Petitioner, against WILLIAM O'DWYER et al., as Members of the Board of Estimate of the City of New York, Respondents.

Supreme Court, Special Term, New York County, May 4, 1950.

*Brecher & Yodowitz* for petitioner.

*John P. McGrath, Corporation Counsel (Helen R. Cassidy* of counsel), for respondents.

O'Brien, J. Petitioner brings this article 78 proceeding to secure a physical examination with a view to reinstatement in the civil service. She was retired on May 20, 1948, indefinitely for ordinary disability and thereafter, in July, 1948, she attained the age of fifty-five, her selected minimum retirement age. Almost one year later, in May, 1949, and since then petitioner has attempted to secure such examination, feeling she has recovered and is able to engage in gainful occupation.

Respondents take the position that section B3–41.0 of the Administrative Code of the City of New York is for the protection of the retirement system and prohibits physical examination after pensioner attains the selected age of retirement (*Matter of Roche* v. *New York City Employees' Retirement System,* 173 Misc. 708).

The position is not logical. While '' Once each year the board of estimate may, and upon his application shall, require any disability pensioner, under the minimum age for service retirement for the group from which he was retired to undergo medical examination '', the right of the pensioner to examination after such age is not thereby precluded. As stated, the section is exclusively for the benefit of the system in that it reduces retirement pay to the extent of pensioner's earnings or earning ability prior to such age. While pensioner enjoys good health, his retirement may not be compelled, but the full employment of his physical abilities can be compelled. The section can properly and logically deal only with the period up to selected age of retirement, for thereafter the petitioner may retire and continue in employment as a wholly voluntary matter. Therefore, the system could not well require this pensioner to return to work after fifty-five, whereas the liberty to continue work after fifty-five may not be withdrawn from her solely for the reason that before she became fifty-five she had been disabled and retired indefinitely. Viewing the situation thus in its entirety, it is illogical to interpret the section as applying to the period after selected age of retirement, and logical to preserve to the pensioner the right to continue work after the selected age of retirement and subject to physical condition.

Respondents have in an amended answer pleaded the Statute of Limitations. The court is constrained to overrule the defense in the light of the history of this case and in view of its practical unavailability. Respondents' contentions upon the merits are overruled. In the nature of the circumstances, petitioner need only to ask again for physical examination and it must be forthcoming.

Motion is granted. Settle order.