OPINION OF THE COURT
Anthony A. Scarping, Jr., J.
This is a CPLR article 78 proceeding wherein the petitioner challenges the validity of respondent’s Policy Statement No. 91-5. The Policy Statement purports to establish time limitations for filing requests for reconsideration pursuant to Emergency Tenant Protection Regulations (9 NYCRR) § 2507.8. By decision and order dated January 12, 1993, this action was converted to an action for declaratory judgment. Upon closer consideration of the final submissions of the parties, it appears that petitioner is challenging both the validity of the Policy Statement, as well as its retroactive application to his request for reconsideration. The respondent opposes the petition. The petition is granted to the extent provided herein.
Pursuant to McKinney’s Unconsolidated Laws of NY § 8628 (Emergency Tenant Protection Act § 8; L 1974, ch 576, § 4, as amended [ETPA]), Division of Housing and Community Re *828 newal (DHCR) is empowered to "administer the regulation of residential rents as provided in this act” (McKinney’s Uncons Laws of NY § 8628 [a]; also see, L 1983, ch 403, § 3). Section 10 (a) of the ETPA (McKinney’s Uncons Laws of NY § 8630 [a]) empowers DHCR to "implement this act by appropriate regulations”. The power to administer the ETPA and implement regulations does not include the power to create, modify, or change laws in a manner out of harmony with the existing statute (Two Assocs. v Brown, 127 AD2d 173, 182, citing Matter of Jones v Berman, 37 NY2d 42, and Matter of Trump-Equit. Fifth Ave. Co. v Gliedman, 57 NY2d 588).
Emergency Tenant Protection Regulations (ETPR) § 2507.8 provides in relevant part as follows: "The division * * * may, prior to the date that a petition for judicial review has been commenced in the Supreme Court pursuant to article 78 of the Civil Practice Law and Rules, modify, supercede or revoke any order issued by the division under these or previous regulations where the division finds that such order was the result of illegality, irregularity in vital matters, or fraud.”
In an apparent attempt to "clarify and conform” DHCR policy relating to ETPR § 2507.8, DHCR issued Policy Statement No. 91-5. All parties concede that this Policy Statement was issued without compliance with formal rule-making procedures established in the State Administrative Procedure Act.
The issue is whether Policy Statement No. 91-5 merely clarifies and interprets ETPR § 2507.8, or whether Policy Statement No. 91-5 alters, modifies, or amends ETPR § 2507.8 in a manner requiring compliance with rule-making procedures. It is the court’s opinion that Policy Statement No. 91-5 alters, modifies, and amends ETPR § 2507.8 in significant ways which are inconsistent with the regulation.
According to State Administrative Procedure Act § 102 (2) (a), "rule” means "the whole or part of each agency statement * * * of general applicability that implements or applies law * * * or the procedure or practice requirements of any agency, including the amendment * * * thereof’. Excluded from this definition are "rules concerning the internal management of the agency which do not directly and significantly affect the rights of or procedures or practices available to the public” and "interpretive statements and statements of general policy which in themselves have no legal effect but are merely explanatory” (State Administrative Procedure Act § 102 [b] [i], [iv]). A "minor rule” is a rule "which * * * *829 simplifies administrative procedures or practices of an agency without in any way limiting or reducing the rights of or procedures or practices available to the public” (State Administrative Procedure Act § 102 [12]).
The plain language of ETPR § 2507.8 provides equal treatment for requests for reconsideration on the basis of illegality, irregularity in vital matters or fraud. All three grounds may be raised and considered at any time prior to the date an article 78 proceeding has been commenced. Policy Statement No. 91-5 changes this procedure in two significant ways. First, it singles out irregularity in a vital matter and provides a more restrictive 60- or 90-day limitations period. It goes on to provide that any request received after the prescribed time will be automatically denied. Secondly, it restricts the circumstances under which DHCR will relieve a requester of his/her failure to file within the prescribed time period. According to the Policy Statement, a late request for reconsideration based upon irregularity in a vital matter will automatically be denied "unless the requester can substantiate an inability to have made the request within the prescribed time”.
To the extent respondent claims that the time periods prescribed by Policy Statement No. 91-5 do not really change the existing rule, such contention is clearly at odds with the Policy Statement itself. The plain language of the Policy Statement indicates that the time periods created by the Policy Statement are different from the time period created in ETPR § 2507.8. The Policy Statement states, "[Requests for reconsideration of orders, issued by rent administrators or the Commissioner, based on fraud or illegality are not time limited”. This clearly reflects DHCR’s understanding that, pursuant to the Policy Statement, requests based on irregularity in a vital matter were being treated differently than requests based on fraud or illegality.
This distinction serves to limit the rights and procedures previously available to both landlords and tenants in a substantial way. DHCR is not authorized to effect such change without complying with the rule-making procedures set forth in the State Administrative Procedure Act.
Even assuming DHCR was authorized to create and implement the provisions contained in Policy Statement No. 91-5, the court finds that the retroactive application of the Policy Statement to the petitioner’s request was in error and constituted an abuse of discretion. The order petitioner sought *830 reconsideration of was issued 85 days prior to the issuance of the Policy Statement. Thus, the right to seek reconsideration accrued prior to the issuance of the Policy Statement. The Policy Statement does not provide for retroactive application and is devoid of any provision establishing a reasonable time period to seek reconsideration of orders issued prior to the effective date of the Policy Statement.
There is also no evidence that the Policy Statement was published or in any way disseminated in a manner likely to provide notice to prospective requesters. The record indicates that petitioner apparently first received notice of the Policy Statement when a copy was annexed to the determination which denied reconsideration based upon such Policy Statement.
Where a Statute of Limitations contains no provision giving it retroactive effect, and fails to expressly provide those possessing rights at the time the statute took effect a reasonable time to exercise those rights, such statute may not be retroactively applied (Matter of Roche v New York City Employees’ Retirement Sys., 173 Misc 708; Matter of Malossi v McElligott, 166 Misc 513; Matter of Shevlin v LaGuardia, 166 Misc 473, mod on other grounds 254 App Div 922, affd 279 NY 649).
Finally, respondent’s contention that petitioner has failed to exhaust his administrative remedies is without merit. The Policy Statement which respondent so vehemently defends expressly states that "[t]he grant or denial of a request for reconsideration is not subject to appeal within the agency”. If the Policy Statement purports to change the rule (cited by respondent in support of their contention) that a Petition for Administrative Review must be filed before judicial review can be sought, then surely the Policy Statement legislates in an impermissible fashion.
In any event, the petitioner challenges the validity of the Policy Statement on the grounds that DHCR was without authority to issue that statement. The rule of exhaustion of administrative remedies need not be followed when an agency’s action is challenged as being wholly beyond its grant of power (Matter of Milburn v McNiff 81 AD2d 587) or where there exists a question of discriminatory application of a rule by an administrative agency (Matter of Figari v New York Tel. Co., 32 AD2d 434). In addition, to the extent petitioner’s challenge to the validity of the Policy Statement is considered an action for declaratory relief, the applicable limitations period is six years (CPLR 213).
*831 The court has considered respondent’s remaining contentions and finds them to be without merit. Where the plain words of a validly promulgated rule are clear and the issue relates solely to the application of the rule, deference to an agency’s interpretation is not required (Matter of Robak v Regan, 101 AD2d 608). This is particularly true when, rather than merely interpreting an existing rule, the agency exceeds its authority and attempts to amend or change the rule without compliance with statutorily mandated procedures (Matter of Jaffe v McGoldrick, 285 App Div 889).
In addition, the fact that respondent may have had other, legitimate, but unstated reasons for denying petitioner’s request for reconsideration is not relevant. Judicial review of an agency’s action must be solely upon the grounds stated. "If those grounds are improper or inadequate, the court may not uphold the determination on an alternate, proper ground” (Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7803:4, 1993 Pocket Part, at 99; also see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753). And, this action does not seek to compel the performance of a discretionary duty. Thus, there is no bar to judicial review on that basis.
In accordance with the foregoing, the petition is granted to the extent that Policy Statement No. 91-5 is declared invalid, the determination dated July 17, 1992 denying petitioner’s request for reconsideration solely upon the invalid time limitations contained in Policy Statement No. 91-5 is annulled and vacated, and the matter is remanded for further proceedings consistent with this decision and order.