■ In the Matter of 10 APARTMENT ASSOCIATES, INC., Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [658 NYS2d 674] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Housing and Community Renewal, dated September 11, 1995, which denied the petitioner's application for rent increases, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Coppola, J.), entered June 19, 1996, which denied the petition and dismissed the proceeding on the merits.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent for a new determination in accordance herewith.

The petitioner applied to the respondent New York State Division of Housing and Community Renewal, pursuant to Operational Bulletin No. 110, for an increase in the maximum rent upon rent-controlled apartments which it owned. The petitioner asserted that there had been a significant and unavoidable increase in operating costs for the preceding two years. The respondent denied the petitioner's application on the ground that the petitioner had not owned the premises for two years.

Operational Bulletin No. 110, issued July 15, 1977, authorizing rent adjustments to compensate for unavoidable increases in costs, provides that "No landlord may proceed under this Bulletin unless he is the legal owner of the property for a period of at least two years". That Operational Bulletin superseded Operational Bulletin No. 107, as amended by Supplement No. 2, promulgated July 19, 1976, which provided, in pertinent part: "[S]ince the adjustments under the Bulletin are compensatory for unavoidable increases in operating expenses in the preceding two years, a landlord who has not owned and operated a building for such a period is generally unable to meet these requirements. If such a new owner can establish such facts and circumstances to show that he does meet the

requirements, adjustments may then be determined to be warranted."

Thus, the mandatory requirement that a landlord own the property for two years in order to obtain an increase for unavoidable increases in costs was a new policy promulgated after September 1, 1976, the effective date of the State Administrative Procedure Act (*see,* State Administrative Procedure Act § 103 [3]). This new policy does not fit the definition of a "minor rule" enunciated in State Administrative Procedure Act § 102 (12) (*see, Matter of Maher v New York State Div. of Hous. & Community Renewal,* 158 Misc 2d 826). Since there is no evidence that the provisions of the State Administrative Procedure Act were followed in promulgating this new rule, the requirement that a landlord own the property for two years to obtain an increase for unavoidable increases in costs is invalid (*see, Matter of Schwartfigure v Hartnett,* 83 NY2d 296, 301-302; *Two Assocs. v Brown,* 127 AD2d 173), and the matter must be remitted to the respondent for a new determination based upon the less restrictive procedure set forth in Operational Bulletin No. 107, as amended by Supplement No. 2. Joy, J. P., Goldstein, Florio and McGinity, JJ., concur.