■ In the Matter of STEPHEN S. GOTTLIEB, Petitioner, v STATE OF NEW YORK et al., Respondents. [807 NYS2d 420]—

Cardona, P.J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for continued membership in the Retirement and Social Security Law § 80-a retirement plan.

Petitioner has worked for New York State in various capacities from March 1965 to the present and has been enrolled in respondent New York State and Local Employees' Retirement System since January 1966. As relevant herein, petitioner served as a Member of the Assembly from January 1969 until December 1972. During that time, on January 14, 1969, petitioner enrolled in a retirement plan pursuant to Retirement and Social Security Law § 80-a (hereinafter the 80-a plan),

which entitled him, as a Member of the Assembly, to enhanced retirement benefits (*see* Retirement and Social Security Law § 80-a [d] [2] [b]). Thereafter, in January 1981, petitioner sought confirmation from the Retirement System that his membership in the 80-a plan was active. In response to his inquiry, petitioner was ultimately advised that his membership in the 80-a plan had terminated upon his leaving the Assembly in January 1973 to work for the State Liquor Authority, and that his subsequent employment, including further service as a Member of the Assembly, did not entitle him to be reinstated. Petitioner then sought a hearing and redetermination as to his status in the 80-a plan. The Hearing Officer found that petitioner had failed to achieve vested status in the 80-a plan by amassing 10 years of creditable service and, as such, his membership therein had terminated by operation of law when he concluded his service as a Member of the Assembly. Respondent Comptroller adopted the Hearing Officer's findings, prompting this CPLR article 78 proceeding.

Initially, we note that Retirement and Social Security Law § 80-a (g) (1) plainly reads that a member of the 80-a plan is entitled to continuing coverage after leaving eligible employment only in the event that he or she has acquired vested rights therein. With that being so, it is undisputed in the record that petitioner has less than 10 years of credited legislative service and, therefore, has not achieved the requisite vested status (*see* Retirement and Social Security Law § 80-a [f] [1]). Consequently, the Comptroller's determination will not be disturbed. Contrary to petitioner's assertion, our holding in *Matter of Robak v Regan* (101 AD2d 608 [1984]), which is factually distinguishable from this case, does not support his position. In *Robak*, unlike here, it was deemed that the member never actually terminated his qualifying employment under the meaning of the statute (*id.* at 609).

Petitioner's remaining contentions have been considered and found to be without merit.

Crew III, Peters, Spain and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.